FILED

**NOT FOR PUBLICATION**

NOV 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRED DWAYNE GILBERT, | No. 11-17768 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00209-MCE-CMK |
| v. | |
| CLAUDE FINN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Former California state prisoner Fred Dwayne Gilbert appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his health and safety. We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment to defendant Wright because Gilbert failed to raise a genuine dispute of material fact as to whether Wright was deliberately indifferent to his medical needs. *See id.* at 1057-60 (discussing deliberate indifference standard); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

The district court properly granted summary judgment to the remaining defendants because Gilbert failed to raise a genuine dispute of material fact as to whether these defendants personally participated in any constitutional violations. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury."); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisor is liable for constitutional violations of subordinates only if supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them"); *see also United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To

survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

Gilbert's contentions concerning discovery are unpersuasive. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery . . . .").

**AFFIRMED.**